IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GLENN ROMINE,**
**Plaintiff,**

**v.**

**MERCK & CO., INC., also**
**d/b/a MERCK, SHARP AND DOHME**
**and d/b/a MSD SHARP & DOHME GmbH,**
**and ASHMANN PRESCRIPTION PHARMACY,**
 **d/b/a Ashmann's Pharmacy, and**
**GRANITE CITY CVS PHARMACY, INC.,**
**d/b/a CVS PHARMACY,**
**Defendants.**                                                                 No. 06-CV-0931-DRH

## ORDER

**HERNDON, District Judge:**

Now before the Court is Merck's motion to stay all proceedings (Doc. 5). Specifically, Merck moves the Court to stay this action pending its likely transfer to ***In re Vioxx Products Liab. Litig.*, (MDL) No. 1657**. Plaintiff opposes the stay arguing that a stay will unduly burden and penalize the pursuit of Plaintiff's cause of action, will cause Plaintiff unnecessary financial penalty on any potential compensation, will reward Merck for improperly removing Plaintiff's cause of action, and will deny the Court the opportunity to determine its own jurisdiction (Doc. 7).

After carefully considering the arguments made by the parties, the Court finds a stay appropriate.  The power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***See Landis v. North American Co.,***

**299 U.S. 248, 254 (1936)**). In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. ***See Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.,* 244 F. Supp.2d 900, 905-06 (N.D. Ill. 2002)(Gottschall, J.)**. A district court may stay proceedings even where subject matter is uncertain. ***See id.* at 902**.

First, judicial economy weighs in favor of granting a stay. As Merck points out, 2,700 VIOXX®-related cases have been stayed, including more than 375 cases in which plaintiffs sought remand (Doc. 9, p.1). Moreover, since November 14, 2006, 36 VIOXX®-related cases filed in this judicial district have been stayed. Thus, it is certain that the transferee court will hear and decide many of the same issues Plaintiff asks this Court to address in ruling on the motion to remand. Second, the Court finds that while Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests. In short, on balance, the Court believes that the interest of judicial economy and the threat of inconsistent rulings outweigh the prejudice to Plaintiff.

Accordingly, Court **GRANTS** Defendant Merck & Co., Inc.'s Motion to Stay All Proceedings (Doc. 5). The Court **STAYS** this matter pending its transfer to the MDL.

**IT IS SO ORDERED.**

Signed this 6th day of December, 2006.

/s/     David    RHerndon
**United States District Judge**